UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICHOLAS BUCCIARELLI,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Case No. 23–cv–14097–ESK<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on a motion to amend filed by petitioner Nicholas Bucciarelli (Motion to Amend). (ECF No. 34.) Respondent United States has not opposed the Motion to Amend. For the following reasons, I will grant the Motion to Amend.

## BACKGROUND & PROCEDURAL HISTORY

1. Petitioner is proceeding on a motion to vacate, set aside, or correct his federal sentence filed pursuant to 28 U.S.C. § 2255 (2255 Motion). (ECF No. 8.) The United States opposes the Motion. (ECF No. 18.)

2. The 2255 Motion raised three ineffective assistance of counsel claims: (1) trial counsel was ineffective because of a conflict of interest (Claim One); (2) trial counsel was ineffective for failing to investigate a potential witness (Claim Two); and (3) trial counsel was ineffective for failing to challenge a sentencing enhancement (Claim Three). (ECF No. 8 pp. 4, 5, 7.)

3. On April 24, 2024, I found that an evidentiary hearing was warranted on all three claims in petitioner's 2255 Motion as there were disputed factual issues that required credibility determinations. (ECF No. 21.) Counsel was appointed to represent petitioner and entered an appearance on May 28, 2024. (ECF No. 29.)

4. On September 13, 2024, petitioner filed a motion to amend his 2255 Motion (Motion to Amend). (ECF No. 34.) Petitioner seeks to withdraw Claim Two and amend Claim Three to provide additional information. (ECF No. 34 ¶¶ 7, 8.) The United States has not opposed the Motion to Amend.

## **DISCUSSION**

5. "[U]nder Rule 15(a), a petitioner may amend his or her pleading once as a matter of course at any time before a responsive pleading is served." *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir. 2000). As the United States has filed an answer, petitioner may only amend his pleadings with leave of court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

6. I find that the interests of justice would best be served by allowing petitioner to amend the 2255 Motion. Petitioner wishes to withdraw Claim Two after consulting with counsel and with the understanding that he will be barred from presenting Claim Two in the future. (ECF No. 34–1 ¶ 21.) As petitioner understands the consequences of his decision and the United States has not objected, I see no reason not to allow petitioner to withdraw Claim Two. Claim Two is dismissed with prejudice.

7. Petitioner's original Claim Three alleged that trial counsel was ineffective for failing to challenge a sentencing enhancement. (ECF No. 8 p. 7). He seeks to amend Claim Three to instead allege that trial counsel failed to inform him of a more beneficial plea agreement. (ECF No. 34–1 p. 8.)

8. In an exhibit to the United States's answer, trial counsel declared that he received a plea offer from the United States after petitioner's indictment stipulating a seven-to-nine-year custodial sentence and resolving both the cases against petitioner. (ECF No. 18–2 ¶ 12.) According to counsel, petitioner declined the offer. (*Id.*)

9. Petitioner disputes this claim. Petitioner states that trial counsel's declaration was the first time he had ever heard of a seven-to-nine-year offer. (ECF No. 34–1 ¶ 22.) Petitioner obtained a copy of the offer after learning about it and discovered that it had been given to trial counsel pre-indictment, not post-indictment. (*Id.* ¶ 26.) Therefore, he would like to pursue this claim instead of his original Claim Three. (*Id.* p. 8.)

10. Because the United States has not objected to the Motion to Amend, I accept petitioner's claim that he did not learn of the pre-indictment plea offer before the United States filed its answer as true solely for purposes of the Motion to Amend.[1] Petitioner filed the Motion to Amend within one year of the United States's answer, making it timely pursuant to 28 U.S.C. § 2255(f)(4).

11. I find that it would be in the interests of justice to allow petitioner to amend Claim Three and will grant the Motion to Amend. I will direct the Clerk to file the amended petition and exhibits as a separate docket entry.

---

[1] I take no position on the ultimate merits of the claim at this time.

12. The United States shall submit any amended answer and exhibits, if necessary, within **30 days** of this Order.

13. The evidentiary hearing is scheduled for **January 13, 2025** at **11:00 a.m.** Any discovery requests pursuant to 28 U.S.C. § 2255 Rule 6 shall be presented to the Court as soon as possible, but no later than **November 22, 2024**.

14. The parties shall submit a list of witnesses for the hearing and any pre-hearing briefing by **January 3, 2025**.

Accordingly,

**IT IS** on this 7th day of **October 2024 ORDERED** that:

1. The Motion to Amend at ECF No. 34 is granted. The Clerk shall file the amended motion and accompanying documents as a separate docket entry.

2. Claim Two is dismissed with prejudice.

3. Any amended answer and exhibits by the United States, if necessary, is due within **30 days** of this Order.

4. Any discovery requests pursuant to 28 U.S.C. § 2255 Rule 6 shall be presented to the Court as soon as possible, but no later than **November 22, 2024**.

5. The parties shall submit a list of witnesses for the hearing and any pre-hearing briefing by **January 3, 2025**.

                     */s/ Edward S. Kiel*
                     **EDWARD S. KIEL**
                     **UNITED STATES DISTRICT JUDGE**